PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL DAVID BRACE, <br><br> Defendant. | CASE NO. 1:21-CR-00055 JLT <br><br> GOVERNMENT SENTENCING MEMORANDUM <br><br> DATE: December 18, 2023 <br> TIME: 8:30 a.m. <br> COURT: Hon. Jennifer L. Thurston |

**I.     INTRODUCTION**

The defendant pleaded guilty, on May 30, 2023, to two counts of a three-count indictment. Specifically, he pleaded guilty to two counts of Receipt of Material Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. § 2252(a)(2). The court has scheduled a sentencing hearing for December 18, 2023.

The United States Probation Office submitted a revised presentence investigation report (PSR), dated November 27, 2023, that has outlined the offense conduct, parts of the defendant's personal history, and the ranges for sentencing under the U.S. Sentencing Commission's Sentencing Guidelines. The report recommends a total term of imprisonment of 120 months and a 120-month term of supervised release. It also recommends that no fine be imposed but that the defendant be ordered to pay two mandatory $100 special assessments. The report also recommends that the court impose the mandatory

GOVERNMENT SENTENCING MEMORANDUM                1

$5,000 special assessment required under the Justice for Victims of Trafficking Act (JVTA) for each of the two counts.

The government notes that the probation officer carefully considered all of the mitigating and aggravating factors and, based on the offense conduct and the defendant's personal history and characteristics, he should be sentenced to a term of imprisonment of 120 months.  The government concurs in this sentencing recommendation.  The government also believes that the risks that he presents to the public, particularly minors, justify at least a 120-month term of supervised release.  The government concurs that the defendant is not indigent for purposes of imposing the JVTA assessments, since he is still young, in good health, has an employment history, and will be employable upon release from custody.  Thus, the court should impose a sentence that includes the following components: a total term of imprisonment of 120 months; two special assessments of $100 and two JVTA assessments of $5,000 for each count (total of $10,200); and a 120-month term of supervised release that contains the standard and special conditions outlined in the PSR.  That sentence would be sufficient, but not greater than necessary, to accomplish the sentencing considerations at 18 U.S.C. § 3553(a)(1) through (6).

**II.    CONGRESSIONAL CONCERN ABOUT THOSE WHO SEXUALLY EXPLOIT CHILDREN REMAINS STRONG AND JUSTIFIES THE SENTENCE RECOMMENDED BY THE PROBATION OFFICE AND THE GOVERNMENT.**

Numerous statutory and Sentencing Guidelines amendments have strengthened the penalties for federal offenses related to the sexual exploitation of minors, and they support a sentence of imprisonment of 120 months followed by a 120-month term of supervised release.  The defendant is in the general population of sexual offenders who have been deemed worthy of significant federal punishments.  Although he has pointed to personal struggles involving attention deficit / hyperactivity disorder, this condition can in no way explain or justify his criminal conduct.

The continued focus on people who use the internet to sexually exploit children, such as the defendant, demonstrates that Congress has made this area a legislative priority, and it has attempted to ensure effective prosecution and punishment of offenders.  Legislative activity in this area is consistent with a Congressional attempt to "restore the government's ability to prosecute child pornography offenses successfully," by "ensuring that the criminal prohibitions against child pornography remain

enforceable and effective," *United States v. MacEwan*, 445 F.3d 249 n.12 (3rd Cir. 2006). This need is even more critical as technology and offenders become more sophisticated and the number of potential victims becomes larger while their ages become lower. Indeed, the defendant engaged in the receipt of child pornography and attempted to meet a young victim in person for sex. While most people would be repulsed at the thought, much less the viewing, of a single image of a child being sexually abused, the defendant sought that material and was sexually stimulated by it.

Imposing the sentence recommended by the probation office, while taking account of the defendant's personal history and characteristics, would be consistent with Congressional and judicial recognition of the harms inflicted upon victims of child exploitation offenses. By increasing the punishment based on the facts of an offender's particular conduct, courts can tailor sentences for defendants based upon the nature and circumstances of the offenses they have committed.

### III. RELEVANT SENTENCING FACTORS SUPPORT THE SENTENCE RECOMMENDED BY PROBATION AND THE GOVERNMENT

The considerations at 18 U.S.C. § 3553(a)(1) through (6) justify a sentence that includes a term of 120 months imprisonment followed by a 120-month term of supervised release.

#### A. 3553(a)(1) – The nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant has demonstrated his sexual interest in minors by obtaining images of children being sexually abused and by communicating with and traveling to meet someone he believed to be a minor for the purpose of engaging in sex with that person. His offense conduct is obviously disturbing and justifies the sentence recommended by the probation office. A prison term of 120 months with sex offender treatment that continues into a 120-month term of supervision will not eliminate the defendant's sexual interest in children, but it should provide him with sufficient insights and techniques to help reduce the risk that he will continue to present to the public, particularly children. A 120-month term of supervised release is warranted so that he participates in sex offender treatment, is obligated to register as a sex offender, and also participates in any other treatment that his supervising probation officer might recommend as beneficial. His access to minors, computers, and the internet also should be restricted and subject to the supervision of a probation officer.

**B. 3553(a)(2) – The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with necessary educational training, medical care, or other correctional treatment.**

The majority of these sentencing factors weigh in favor of a sentence that includes a term of 120 months imprisonment followed by a 120-month term of supervised release.  The defendant would benefit from participating in a lengthy program of sex offender counseling and treatment, and this would best be done within the confines of a Bureau of Prisons (BOP) facility.  Each BOP institution has counseling resources available, and each region also has at least one designated sex offender management and treatment program.  There is also at least one residential treatment program available for inmates who are concluding their custodial sentences.  Imposing the prison term recommended by the government and probation would provide the defendant with just punishment, afford adequate deterrence to him and others, protect the public from his long-standing demonstrated sexual interest in children, and provide the defendant with necessary educational training, medical care, or other correctional treatment.

**C. 3553(a)(3) and (4) – The kind of sentences available and the sentencing ranges established.**

These factors also weigh in favor of the government's recommended sentence, because the ranges for sentencing include a mandatory minimum prison term of ten years with a maximum term of life.  Probation is expressly precluded by statute under 18 U.S.C. § 3561(a)(2).

**D. 3553(a)(5) – Any pertinent policy statements by the Sentencing Commission.**

Although many defendants and some courts have criticized the punishments for federal child sexual exploitation offenses, Congress has not relented in legislating in this area.  Relatively recently, Congress enacted the Justice for Victims of Trafficking Act of 2015, Pub. L 144-22, May 29, 2015.  Notably, too, although the Sentencing Commission made some adjustments to provisions of U.S.S.G. § 2G2.2 effective November 1, 2016, most of the provisions were not changed.  And although they are only advisory, the Guidelines, at 5K2.0 Application Note 4, indicate that downward departures in "child crimes and sexual offenses," including the offenses for which the defendant will be sentenced, are strongly discouraged.  This only underscores that Congress and the Sentencing Commission generally believe that the range for sentencing in a case such as before the court is not unduly harsh.  So these

GOVERNMENT SENTENCING MEMORANDUM     4

factors weigh in favor of a sentence within the Guidelines ranges. There are a significant number of courts that have followed the same provisions and imposed sentences within relevant ranges.

### E. The need to avoid unwarranted sentencing disparities.

Many defendants sentenced in the Fresno division of the Eastern District of California have received sentences within, or close to, the relevant Sentencing Guidelines range for some of the conduct similar to that engaged in by this defendant. The defendant's conduct in this case justifies the court in imposing the sentence recommended by the probation office and not granting a variance or departure.

## IV. CONCLUSION

The court should impose a term of imprisonment of 120 months followed by a 120-month term of supervised release that includes the standard and special conditions proposed in the probation report. The court should also impose special assessment of $200 and the JVTA assessments of $10,000.

Dated: December 13, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney